STATE *use* HAWKINS *vs.* BELT AND BERRY.—*June,* 1836.

P was appointed trustee by Chancery, under a decree for the sale of mortgaged premises. He accepted the trust, and gave bond. Before the property was offered for sale, and after the day appointed in the decree for payment of the debt, the mortgagor paid the same to the trustee, who died without paying the money over. In an action on his bond, *Held,* that under this decree it was not the duty of the trustee to have received the money before the sale—that the payment remained at the risk of the mortgagor until the receipt had been ratified by the court, or the trustee made accountable by some action of the court, and therefore, that the action on the bond could not be maintained.

APPEAL from *Prince George's* county court.

This suit was commenced on the 15th March, 1832, by the appellant against the appellees, as sureties of *Richard Peach,* in a trustee's bond, dated 21st of August, 1830, and approved on the 4th of September, 1830, conditioned for the faithful performance by *Peach,* of his duty as trustee, for the sale of certain mortgaged premises decreed to be sold upon a bill filed by the mortgagee, *Ann Hawkins,* against the mortgagor, *Henry S. Hawkins.*

The decree which was in the usual form, was passed on the 24th of July, 1830, and directed that the property should be sold, " unless the defendant should, on or before the 24th of August next, pay to the complainant, or bring into court to be paid to her, the amount of her claim as stated in the proceedings, with the interest arising thereon, together with the costs of the suit."

The case was submitted to the county court upon the following statement of facts.

" It is admitted that by a decree of the court of Chancery,

*Richard Peach* was appointed trustee to make sale of the property in the proceedings mentioned, and that he accepted the trust, and gave the bond, upon which this action is brought, with the defendants as his sureties. That subsequently to his appointment of trustee, the defendant in the chancery suit, paid the said trustee on the 25th of September 1830, the sum of $3,170, on account of said decree, and took his receipt therefor, which makes part of this statement and is hereto appended; and that the trustee died on the 30th of September, 1831, without having made sale of the premises decreed to be sold, and without any proceeding or order of the court of Chancery, after the receipt of the money as before stated. It was also admitted that *Ann Hawkins,* the mortgagee and complainant in the chancery suit, and the party at whose instance the present action is brought, is the same person." The receipt is in the following terms.

" Received this 25th day of September, 1830, of *Hugh Cox, Esq.* the sum of $3,170, on account of a decree in the court of Chancery of *Maryland,* in favour of *Ann Hawkins,* against *Henry S. Hawkins.* RICHARD PEACH, *Trustee.*"

Upon this statement of facts it was agreed, " that if the court should be of opinion, that the sureties in the bond are not answerable to the said *Hawkins,* for the money paid as aforesaid to *Peach,* the trustee and principal obligor, then judgment for costs to be rendered for the defendants. If otherwise, judgment for the plaintiff for the penalty of the bond, to be released on the payment of such sum as the court shall say the plaintiff is entitled to recover."

The county court upon the statement gave judgment for the defendants, and from that judgment the plaintiff prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J. and DORSEY and SPENCE, Judges.

ALEXANDER for the appellant, contended:

1. That the payment having been made after the day

limited by the decree for payment of the debt, and to prevent a sale of the property, which the trustee must otherwise have sold, the sureties are responsible for the proper application of the money, both upon general principles of law, and by the practice of the court of Chancery.   He insisted that the trustee was not only at liberty to receive the money, but he was bound to do so; being in that respect clothed with the same rights, and charged with the duties of a sheriff to whom has been delivered a *fi. fa.* for execution.   If he had no power to receive the money the mortgaged property is still liable to be sold.   But he had the power, and by the rule of the court is entitled to half commissions.

2. Under the circumstances of this case, a preliminary order on the trustee, and service of it on him could not be necessary.   His death rendered it impracticable.   If the rule requiring such order, and personal service is inflexible, then no matter how regular the proceedings in other respects may be, if the trustee dies before a compliance with the rule can be effected, his sureties would be discharged.   The trustee may die insolvent immediately after receiving the money. In such case will it be said, that his sureties are discharged, because no order and demand of payment has, or can be made.

. In this case, it was the duty of the trustee to have made a report, and his omission to do so, is a breach of the bond. *Coke Lit.* 208. (*b.*)

A. C. MAGRUDER for the appellees.

1. There was no decree, or order, authorizing the trustee to receive this money, and pay it over, and therefore the non-payment is no breach of the condition of the bond.   It is in vain to say, that a breach was committed in not reporting to the court.   The attempt here, is to charge the bond with the money received by the trustee, and if a recovery cannot be had upon that ground, the present action must fail.

2. The payment to the trustee does not discharge the mortgage debt, for which, notwithstanding such payment, the

State, use &c. *vs.* Belt and Berry.—1836.

mortgaged premises are still answerable. The party therefore injured by the non-payment is the mortgagor, and not the mortgagee. Upon the former, and not the latter, must the loss fall.

3. But if the bond is responsible, still an order for the payment of the money is necessary. The amount to be paid must be ascertained, and that depends upon the Chancellor's allowance for commissions, &c. Besides the defendants were entitled to notice before being sued. The death of the trustee cannot deprive them of this right. There is as much reason for giving the sureties notice in case of the death of trusteee, as for giving it to the trustee himself if he be living.

DORSEY, Judge, delivered the opinion of the court.

The court below were called on to say whether upon the statement of facts before them, the appellees were answerable for the money paid to *Peach,* the trustee. Upon that statement of facts we think the county court were right in giving judgment against the plaintiff. The statement discloses no breach of the condition of the bond, on which the action was founded. The receipt of the money paid, without a sale of the mortgaged premises, was not a duty imposed upon the trustee by the decree under which he acted ; nor was he made accountable therefor, " by any further decree or order in the premises." Under this decree he had no authority to receive it. His receipt of it as trustee has not been ratified by any subsequent decree, or order of the Chancery court. The payment remained at the risk of the mortgagor, until some subsequent decree or order of ratification had recognized it in the hands of the trustee, at the risk of the mortgagee. In the latter case, the mortgagor and mortgaged premises would have been discharged from the debt. In the former, they would still have remained liable. This view of the responsibility of the appellees renders it unnecessary to examine the other questions introduced in the argument of this cause.

JUDGMENT AFFIRMED.